# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ST. PAUL FIRE & MARINE**
**INSURANCE COMPANY,**

      **Plaintiff,**

**v.**                                                  **Case No: 6:13-cv-1088-Orl-31TBS**

**CYPRESS FAIRWAY CONDOMINIUM**
**ASSOCIATION, INC., CYPRESS**
**FAIRWAY LTD. and VINELAND**
**PARTNERS LLC,**

      **Defendants.**

## ORDER

Plaintiff, St. Paul Fire & Marine Insurance Company ("St. Paul"), has moved to strike or exclude certain opinions of Defendants' expert, Christopher J. Norris ("Norris"). (Doc. 64). Defendants oppose the motion. (Doc. 76). The Court heard oral argument on Plaintiff's motion on June 30, 2015.

Norris is a senior building envelope consultant, licensed as a professional engineer in Florida with over 15 years of experience, including building envelope forensic assessments. Following a four-day site inspection and review, Norris prepared an expert report concerning water damage at the Cypress Fairway Condominium in Orlando, Florida. He concluded, in part, that the property damage occasioned by water intrusion would have started immediately upon completion of construction [which occurred in 2000], and that the damage would likely have progressed sufficiently to have been discoverable within one to two years. (Doc. 47-1).

Plaintiff moves to exclude this opinion, contending that Norris is not qualified to render such an opinion, that his methodology was flawed, and that his opinion would not be useful to the

trier of fact.  Having reviewed the papers, Norris's report and his deposition transcript (Doc. 54-5), the Court disagrees.

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 n. 7 (1993), requires the trial court to act as a gatekeeper to insure that speculative and unreliable opinions do not reach the jury.  As a gatekeeper the court must do "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue."  *Id.* at 593–94.  The proposed testimony must derive from the scientific method; good grounds and appropriate validation must support it.  *Id.* at 590.  "In short, the requirement that an expert's testimony pertain to 'scientific knowledge' establishes a standard of evidentiary reliability."  *Id.*  The court must consider the testimony with the understanding that "[t]he burden of establishing qualification, reliability, and helpfulness rests on the proponent of the expert opinion."  *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir.2004).

As a licensed and experienced engineer in the field of building envelope design and construction, Norris is well-qualified to express an opinion as to the construction defects and resulting damage caused by water intrusion at the Cypress Fairway Condominium.  His methodology – site inspection and exploratory openings – is sufficiently reliable to support his

opinions; and his opinions would clearly be useful to the fact-finder in this dispute.   It is, therefore,

**ORDERED** that Plaintiff's motion (Doc. 64) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 1, 2015.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE